| | |
|---|---|
| IAN TUUAMALEMALO, | |
| Plaintiff, | Case no. 2:16-cv-00619-JAD-VCF |
| vs. | **<u>ORDER</u>** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the STATE OF NEVADA, *et al.*, | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
***

This matter involves Plaintiff Ian Tuuamalemalo's 42 U.S.C. §1983 false arrest and excessive force action against Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer S. MPhillips, Officer S. Green, and Sergeant T. Jenkins (collectively "Defendants"). Before the Court are Defendants' Motion to Strike Plaintiff's Rebuttal Expert Report (ECF No. 20), Tuuamalemalo's Response (ECF No. 26), and Defendants' Reply (ECF No. 27). For the reasons stated below, the Defendants' Motion to Strike is denied.

## BACKGROUND

Tuuamalemalo filed this action against Defendants alleging that his civil rights were violated after LVMPD Officers MPhillips, Green, and Jenkins used excessive force while trying to restrain him at a reggae concert held inside the Hard Rock Hotel & Casino.

1

Tuuamalemalo filed this case in January 2016 in state court. Defendants removed the case to Federal Court. This Court entered the initial discovery plan and scheduling order in July 2016. (ECF No. 15). The Court granted the parties' stipulation to extend that discovery plan and scheduling order in September 2016. (ECF No. 18). Under that discovery plan and scheduling order, the expert disclosure deadline was December 19, 2016, and the rebuttal expert deadline was January 18, 2017. (*Id.*) The discovery deadline was February 17, 2017. (*Id.*) Tuuamalemalo timely served his designation of expert witness identifying D.P. Van Blaricom as his police practices expert. (ECF No. 20-1, Ex. B). Van Blaricom's disclosure included an expert report. (*Id.*) In that report, Van Blaricom does not specifically render an opinion regarding the actions of Green or MPhillips. Defendants also timely submitted an expert report from police practices expert, John Ryan. (ECF No. 20-2, Ex. C). Ryan's report rendered opinions on all three LVMPD officers, including Green's use on Tuuamalemalo of a technique known as Lateral Vascular Neck Restraint ("LVNR"). Tuuamalemalo also designated Van Blaricom as his rebuttal expert witness. (ECF No. 20-3, Ex. D).

The Defendants contend that all or portions of Van Blaricom's rebuttal report does not in fact constitute rebuttal material; rather, Defendants argue that Van Blaricom's report contained materials and opinions that should have been presented in an initial expert report. In particular, the Defendants argue that Van Blaricom's rebuttal report "improperly attempted to slide into his excessive force opinion that Officer Green's LVNR was 'unreasonable.'" (ECF No. 20 at 6). This, according to Defendants, should have been included in Van Blaricom's initial expert report. Thus, Defendants assert that Tuuamalemalo's rebuttal report was untimely and must be stricken.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) governs the content of rebuttal experts and states

2

that a rebuttal expert's testimony is limited to testimony that "contradict[s]" or "rebut[s]" evidence on the same subject matter identified by another party.[1] *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635-636 (D. Haw. 2008); *see also R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 2011) ("Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report"). This means that an expert's rebuttal testimony may not introduce new, alternative or previously unconsidered theories. *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980) ("'The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party,' and the decision to admit rebuttal testimony 'is entrusted to the sound discretion of the district court.'"); *see also In re Piasecki*, 745 F.2d 1468, 1472 (Fed. Cir. 1984) (stating that rebuttal expert reports must include "a showing of facts supporting the opposite conclusion"). Rebuttal testimony must address the same subject matter and refute the previous expert's conclusions regarding that subject matter. *Luschen*, 614 F.2d at 1170; *In re Piasecki*, 745 F.2d at 1472.

## DISCUSSION

Defendants' motion to strike is denied. The Defendants' expert, Ryan, stated in his report, *inter alia*, that it was his "opinion based upon [his] specialized background, training, education and experience, that the use of force by officers, including the punch or attempted punch by Sergeant Jenkins and the lateral vascular neck restraint (LVNR) by Officer Green was consistent with generally accepted policies,

---

[1] The Court acknowledges that district courts have taken various approaches in drawing the line between rebuttal expert testimony and non-rebuttal testimony. The text of a rule is the primary source of its meaning. This Court's interpretation begins with the text of Rule 26(a)(2)(D)(ii), which declares that rebuttal reports are those "intended solely to contradict or rebut evidence" in an opposing party's expert disclosure. At a bare minimum, a rebuttal expert cannot, among other things, offer evidence that does not contradict or rebut another expert's disclosure merely because she also has also offered some proper rebuttal. Because neither Fed. R. Civ. P. 26(a)(2), nor any other binding authority imposes additional restrictions on rebuttal expert testimony, this Court declines to do so.

3

practices, training, and legal mandates." (ECF No. 20-2 at 36). That opinion is based on numerous facts in Ryan's report, including Officer's Green's statement that:

> when he deployed the LVNR two officers were already fighting with Tuuamalemalo and the two officers were unable to control him … Green … started at a 90-degree angle and … took Tuuamalemalo all the way to the floor … [H]e then stepped back and another officer … stepped in to place Tuuamalemalo in a recovery position and hit the subject on the back to revive him … It [was] clear from the video that Tuuamalemalo was actively and aggressively resisting the officers at the point the LVNR was used.

(*Id*. at 38).

In response, Van Blaricom's rebuttal report stated that "the foregoing use of force against [Tuuamalemalo] by Sergeant Jenkins and Officer Green was unnecessary and unreasonable." (ECF No. 20-3, Ex. D). That report provided conclusions and facts that contradicted or rebutted the same "subject matter" as Ryan's initial expert report. *See R & O Const. Co.*, 2011 WL 2923703 at * 2 ("Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports") (*citing Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, 2010 WL 389444 (N. D. Ill. Sep. 2010)). And as long as an expert contradicts or rebuts the same "subject matter" as an opposing party's expert, she has offered rebuttal evidence. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 637 (D. Haw. 2008). Van Blaricom's rebuttal report acknowledges that Van Blaricom "reviewed the report of defense expert Ryan" and that he was aware of the opinions offered by Ryan. (ECF No. 20-3 at 11).

Contrary to what was found in *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, here, Van Blaricom's rebuttal report not only addressed the same general subject matter of the case, his report also directly addressed the findings, i.e. "the same subject matter," of Ryan's report. Van Blaricom's report neither sets forth alternative theories, nor presented new arguments; rather it spoke to the same subject matter and attempted to refute Ryan's conclusions regarding that subject matter. The Court finds that Van Blaricom's

4

rebuttal report is within the meaning of Fed. R. Civ. P. 26(a)(2)(D)(ii) and were therefore timely.[2]  *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980) ("[T]he decision to admit rebuttal testimony 'is entrusted to the sound discretion of the district court.'").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Strike Plaintiff's Rebuttal Expert Report (ECF No. 20) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of April, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants' request for an order prohibiting Tuuamalemalo's expert from offering opinions at trial included in the rebuttal expert report is similarly denied.